## In re WRIGHT'S ESTATE.

County Judge's Court, Palm Beach County.

July 29, 1954.

66

Sidney J. Catts, Jr., West Palm Beach, for petitioner.

Roebuck & Roebuck, West Palm Beach, for the executor.

Johnson & Johnson, West Palm Beach, for respondent Charles H. Wright, individually.

RICHARD P. ROBBINS, County Judge.

This cause came on before me upon the petition of Gladys H. Wright, widow of the deceased, Walter Wright, to determine her dower rights under certain contracts of her husband, and the answer of Charles H. Wright, son of the decedent, who is also the executor under the terms of his last will and testament. The petition alleges that the inventory filed by the executor does not disclose the true and correct property owned by decedent at the time of his death in that such inventory lists decedent's interest in a partnership business conducted under the name Wright & Wright of the value of $5,000, when in truth his interest at the time of his death was in excess of $20,000.

The facts regarding this item of the inventory are fairly set forth in the brief on behalf of Charles H. Wright, as follows—For some years prior to October 17, 1950 the decedent, his son Charles H. Wright and his stepson Ira Howard Burcaw, Jr. as co-partners conducted an oil burner sales and service business in Philadelphia under the trade name Wright & Wright. Under the partnership agreement as amended the partners had certain capital accounts. On October 17, 1950 the decedent's capital account was $33,563.30. Decedent was to receive $500 per month, the son $350 per month and the stepson $350 per month, which amounts were treated as business expense, and the balance of the profits divided 40% to

decedent and 15% each to the son and stepson. The other 30% was to be paid to a Mr. DuMars, so long as he remained in the employ of the company, thereafter the 30% was to be divided among the parties 40/70ths to decedent and 15/70ths each to the son and step-son. Mr. DuMars left in 1947. The decedent, about to move to Florida, entered into an agreement on October 17, 1950 with his son Charles H. Wright in which the latter agreed to give his full time and attention to the business as provided in the partnership agreement and not to terminate same during decedent's lifetime— and decedent agreed to sell and the son agreed to buy decedent's interest in the partnership for $5,000 within 90 days after decedent's death, the son also agreeing to sell to the stepson 45% of said interest for $2,250.

At the time of decedent's death the book value of his interest in the partnership was $19,820.93. The son purchased this interest from himself as ancillary executor in Philadelphia for $5,000 and sold 45% thereof to the stepson for $2,250 within the time provided in the agreement. The widow claims that the admeasurement of her dower in decedent's estate should be based on the value of his interest in the partnership at the time of his death and that she is not bound by the sum agreed upon in the contract.

Under Florida law when a person dies owning an interest in a partnership, *if there is no agreement to the contrary* it is the duty of the surviving partner to liquidate the business forthwith and pay over to the personal representative of the deceased partner all balances due the estate—and the interest of the decedent in the partnership shall be included in the inventory of the estate. Section 733.37, Florida Statutes 1953. The question to be determined is, therefore, whether the agreement between the decedent and his son is a valid and enforceable contract under the laws of the state of Pennsylvania, where it was made and where the partnership existed. This question appears to have been settled in the affirmative by the Supreme Court of Pennsylvania in Kauffman v. Kauffman (Pa.), 70 Atl. 956; In re Moore's Estate (Pa.), 77 Atl. 902; In re Rohrbacher's Estate, 122 Pa. 153, and In re Daub's Estate (Pa.), 169 Atl. 379. It is therefore the finding of the court that the dower right of the widow is a one-third interest in the purchase price of decedent's interest in the partnership as fixed by the contract, and not the book value of his interest at the time of death.

The petitioner also complains that the inventory lists only a one-half interest in a certain check made payable to decedent by Right Construction Co. in the sum of $6,950. It appears from the court file in the estate that Charles H. Wright filed a claim on December 14, 1953 in which he alleges that the check aforesaid was for the

return of capital invested in the Right Construction Co., $3,475 of which he owned, the remainder owned by the deceased. He has paid himself before the time for filing objections to his claim has expired. Evidence produced at the trial of the issues made by the petition and answer failed to sustain the claimant's position in the matter. The petition constitutes an objection to the claim.

It is the finding of the court that the deceased, Walter Wright, was the owner of a one-half interest in the partnership known as Right Construction Co. of Miami, and that the sum of $6,950 represented by the check dated October 17, 1953, payable to the decedent should be returned by the executor as an asset of the estate and remain subject to the dower interest of the widow until such time as Charles H. Wright has established the validity of his claim in the court having jurisdiction of the subject matter of said claim.

The executor is further directed to amend the inventory filed in the estate so as to show what disposition has been made of the following articles, to-wit—(1) Check for $6 made in payment of papayas, (2) an electric battery charger, (3) the furniture located in apartments at 2801 N. Broad St., Philadelphia, (4) one console radio, (5) two imported Christmas trees, and (6) one small radio.